COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-401-CR

 

 

BENNIE LORENZO DORSEY                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Bennie Lorenzo
Dorsey appeals the trial court=s order revoking his deferred-adjudication community supervision.  We affirm. 








Appellant pleaded guilty to
aggravated assault with a deadly weapon on March 19, 2007, and received ten
years= deferred-adjudication community supervision and a $1,000 fine.  On August 3, 2007, the State filed a petition
to adjudicate, and the trial court held a hearing on October 23, 2007.
Defendant pleaded true to violating the terms of his community supervision by
committing the new offense of evading arrest and by failing to attend the
Treatment Alternatives to Incarceration program on four occasions.  The trial court adjudicated defendant guilty
and assessed punishment at five years= confinement.  

Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of the motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.  In
addition, this court informed appellant that he may file a pro se brief, but he
has not done so.

Once an appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record.[3]  Only then may we grant counsel=s motion to withdraw.[4]









We have carefully reviewed
counsel=s brief and the record.  We
agree with counsel that this appeal is wholly frivolous and without merit; we
find nothing in the record that might arguably support the appeal.[5]  Accordingly, we grant counsel=s motion to withdraw and affirm the trial court=s judgment. 

 

PER CURIAM

 

 

PANEL:  CAYCE, C.J.; WALKER and MCCOY, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 14, 2008











[1]See Tex. R. App. P. 47.4.





[2]386
U.S. 738, 87 S. Ct. 1396 (1967).





[3]See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays
v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort
Worth 1995, no pet.).





[4]See
Penson v. Ohio, 488 U.S. 75, 82B83,
109 S. Ct. 346, 351 (1988).





[5]See
Bledsoe v. State, 178 S.W.3d 824, 827B28
(Tex. Crim. App. 2005); accord Meza v. State, 206 S.W.3d 684, 685 n.6
(Tex. Crim. App. 2006).